UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| HOUSTON GRANITE AND MARBLE CENTER, LLC<br>Plaintiff, | § § § § § § § § § § | |
|---|---|---|
| | | CASE NO: 4:19-CV-04938 |
| V. | | |
| DRT TRANSPORTATION LLC AND LMP TRUCKING, LLC<br>Defendants. | | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Houston Granite and Marble Center, LLC, and files this Response to Defendant's Motion to For Summary Judgment and respectfully states:

### I. BACKGROUND

1. Plaintiff Houston Granite and Marble Center, LLC ("HGM") is a business engaged in providing custom marble countertops to customers. These countertops are custom made for each customer and specifically cut to the customer's required specifications. HGM contracted with DRT Transportation, LLC to transport a load of custom pre-cut marble/granite that was valued at over $250,000.00 from its facility in Houston, Texas to its customer in Stillwater, Oklahoma. DRT subcontracted the actual transportation to LMP Trucking, LLC ("LMP"). LMP and its driver was responsible for making sure that the load was properly secured and that it remained secure during its transportation to Oklahoma. The individual that had fabricated the counters and was going to install them at the location in Oklahoma followed LMP Trucking from HGM's site for the trip. LMP Trucking never stopped on the road before reaching Dallas, Texas to check the load to determine that it was still secure. LMP's driver reported to DRT that while

he was exiting onto a flyover to head to Oklahoma that the load had shifted causing the spill. The load was a complete loss which had to be replaced.

## II.     SUMMARY JUDGMENT EVIDENCE

2.     HGM's submits the following evidence in support of its response to Defendant's Motion for Summary Judgment:

| | |
|---|---|
| Exhibit 1 | The Bill of Lading |
| Exhibit 2 | Affidavit of Francesco "Fredy" Alex Pacos |
| Exhibit 2A | Photos attached to the Affidavit of Francesco "Fredy" Alex Pacos |
| Exhibit 3 | Affidavit of John Shaw |
| Exhibit 3A | Statement of John Shaw referenced in affidavit. |
| Exhibit 4 | Affidavit of John Sykoudis as to the value of the load. |

## II.     SUMMARY OF ARGUMENT

3.     The summary judgment evidence establishes the essential elements of HGM's claim under the Carmack amendment. The countertops were delivered to LMP in good condition and shows the actual physical damage to the countertops sustained during shipping and under the control of the Defendant.

4.     The summary judgment evidence raises a fact issue on whether Defendant properly secured the load and continued to make sure the load was secure during the trip. The summary judgment evidence raises a fact issue as to the cause of the load shifting, showing that the load shifted due to Defendant's failure to properly secure the load and not due to a failure of the packing crates.

### III. ARGUMENTS AND AUTHORITIES

5. The summary judgment standard of FRCP 56 is well established. Summary Judgment is proper only if there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986).* A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* A fact is "material" if it might affect the outcome of the suit under the governing substantive law. *Id.* In applying this standard, the court must review the facts and inferences to be drawn from them in the light most favorable to the nonmovant. *See Cox v. Walmart Stores, 755 F. 3d 231, 233 (5th Cir. 2014).*

6. LMP Trucking asserts that HGM does not have evidence supporting its claim that Defendant was responsible for the damage to the load of granite under the Carmack Amendment 49 U.S.C. 14706 et seq. Defendant is incorrect and the attached Exhibits establish that there is evidence supporting each element of HMG's claim and that there is a fact issue on each element of the claim. Under the Carmack amendment, HGM must show that (1) the countertops were delivered to LMP for transport in good condition; (2) receipt by LMP of those goods and (3) damages. HGM's summary judgment evidence establishes the countertops were in good condition when delivered to LMP, LMP accepted the cargo and the cargo was damaged due to the failure of LMP to properly secure the load. The "clean" bill of lading which shows that it was signed by the shipper clearly indicates that there was no damage to the cargo at the time of initial receipt by LMP trucking. **Exhibit 1** Such a "clean" bill of lading is prima facia proof on behalf of the shipper that the good that were shipped by the carrier were in good order at the time they were shipped to the extent they were visible for open inspection. *Carrier Services Group v. Schneider Logistics* 4:15-CV-02626 (N.D. Ohio 2017) The law on the liability of a carrier is well established. In order to

establish a *prima facie* case of liability against a common carrier under the Carmack Amendment, 49 U.S.C. § 11707, for damage to goods during shipment, the shipper, the plaintiff herein, must show delivery of the goods to the carrier in good condition, arrival of the goods in a damaged condition at the final destination, and the amount of damage. *Morrell & Co. v. Frozen Food Express, Inc.,* 700 F.2d 256 (5th Cir.1983); *S.C. Johnson & Son, Inc. v. Louisville & Nashville R. Co.,* 695 F.2d 253 (7th Cir. 1983); *Gordon H. Mooney, Ltd. v. Farrell Lines, Inc.,* 616 F.2d 619 (2d Cir.), *cert. denied,* 449 U.S. 875, 101 S.Ct. 217, 66 L.Ed.2d 96 (1980). Once the shipper makes out a *prima facie* case of liability, the burden of proof then shifts to the carrier to show both that it was free from negligence and that the damage to the transported goods was caused by an act of God, an act of a public enemy, an act of the shipper, an act of a public authority, or the inherent nature or vice of the goods. *Missouri Pacific R.R. v. Elmore & Stahl,* 377 U.S. 134, 137-38, 84 S.Ct. 1142, 1144-45, 12 L.Ed.2d 194 (1964); *Joseph Schlitz Brewing Co. v. Transcon Lines,* 571 F.Supp. 52, 57 (E.D. Wis.1983); *see also Johnson & Johnson v. Chief Freight Lines Co.,* 679 F.2d 421 (5th Cir.1982).

7. The affidavit of Francesco Alex Pacos ("Fredy") establishes that he is the person who fabricated and packaged the custom stone countertops and that he was the person who loaded the stone on the LMP trailer. **Exhibit 2.** Fredy's affidavit states that he inspected the countertops after they were loaded and that they were in good condition. This is borne out by the pictures that show that. Moreover, the photos (*which were taken by Fredy*) show the load before the incident in good condition. His pictures also show that before the incident that the countertops could clearly be seen and were not obscured such that the driver had no way of telling if the countertops were in good condition when delivered to him for shipping. **Exhibit 2A.** The load was then secured by the LMP driver. **Exhibit 2.** It was LMP's responsibility to secure the load so that it would not

shift during shipping. **Exhibit 2.** The driver securing the load after it was loaded was normal procedure as the driver was responsible for it being secured in transit. **Exhibit 2.** Freddy followed the LMP driver on the trip and never once did the driver stop and check the straps or load during the trip prior to the load being damaged. **Exhibit 2.** From his inspection of the accident, Freddy states that the pallets tipped over because they were not properly secured to the trailer. **Exhibit 2.** Freddy has been building crates for shipping and in shipping countertops such as these for over 15 years and has never had any crates fail. **Exhibit 2.** LMP was solely responsible for the cargo during the shipping and the cargo was damaged during the shipping. LMP's argument that this was a no-touch load is of no consequence (*See **Carrier Logistics,** infra, which confirms "no touch load" does not defeat the prima facia nature of the clean bill of lading as to good that were visible for inspection*) as the countertops were not damaged during loading or unloading. Moreover, the summary judgment evidence shows that the damage was caused by the load shifting and not by a failure of the pallets. **Exhibit 2, Exhibit 3 and Exhibit 3A.** There is ample evidence establishing a prima facie case under the standards of the Carmack amendment. Therefore, the Act of God, Act of Public Enemy, Act of Shipper, and Inherent Nature or Vice of the Goods exceptions to not apply.

8. Similarly, the defendant's argument that there is no admissible evidence to show physical loss or damage to cargo is without merit. The pictures taken by Freddy **Exhibit 2A** show the damaged and broken countertops. Accordingly, the foregoing evidence also raises a fact issue regarding the driver's negligence in securing the load and in failing to make sure the load was secure throughout the trip and raises a fact issue with regard to Defendant's claim that it was free from negligence and that the incident was due to the acts of the shipper. Freddy states in his affidavit that he was following the LMP driver and he never saw the driver stop and check the

straps prior to the load shifting. **Exhibit 2.** HMG relied on the LMP driver to secure the load and to direct how the countertops were to be secured after loading. **Exhibit 2.** This evidence directly controverts the testimony of LMP's driver. The straps still being over the countertops after they fell does not establish that the straps were secure enough to prevent the load from shifting. Defendant's summary judgment evidence that the crates had collapsed is self-serving speculation by those witnesses. The statements that Freddy and John Shaw give in their affidavits now is contrary to the statements the driver made at the time that the load shifted. **Exhibit 2, Exhibit 3 and Exhibit 3A.** In any event, that testimony is directly controverted by Freddy who states that he has been building crates for shipping countertops for over 15 years and never had one fail as alleged by the Defendant. **Exhibit 2.** Freddy who is experienced specifically in shipping this type of cargo, states that his inspection shortly after the incident showed that the load shifted because it was not properly secured. **Exhibit 2.** Finally, some of the crates being broken after the countertops shifted and fell not show that the crates failed first. This is an issue of fact that a jury should decide. Additionally, Defendant's own affidavit shows that the HGM had to take additional precautions to secure the load on the truck because the measures that Defendant had taken initially were insufficient. Securing the load on the truck was the duty of the defendant, not HGM. Again, the foregoing evidence raises a fact issue and Defendant's summary judgment should be denied.

9. Moreover the affidavit of John Sykoudis , **Exhibit 4** ,the President of Houston Granite and Marble Center verifies that he is the responsible custodial of the business records of Houston Granite and Marble and that the emails from Jerry Stafford and all the documents attached to his affidavit were kept in the normal course of business and are therefore admissible as evidence in court and proof of the losses sustained by his company at the hands of defendant LMP Trucking, LLC.

10. Plaintiff does not dispute that the Carmack amendment supersedes and preempts state law causes of action in this case. Further Plaintiff concedes that defendant's liability under its agreement with DRT Transportation is limited to $100,000.00. Defendant LMP has not shown any evidence wherein it had an agreement with DRT to agree to such a reduction or limitation of liability and therefore Plaintiff's case against LMP should not be limited to this lower end of liability. The affidavit of John Sykoudis makes it clear that the damages in this case exceeds $240,000.00 **Exhibit 4** and therefore Plaintiff should be able to proceed against LMP for whatever their policy limits provide.

## IV. CONCLUSION

The summary judgment standard of FRCP 56 is well established. Summary Judgment is proper only if there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986).* A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* A fact is "material" if it might affect the outcome of the suit under the governing substantive law. *Id.* In applying this standard, the court must review the facts and inferences to be drawn from them in the light most favorable to the nonmovant. *See Cox v. Walmart Stores, 755 F. 3d 231, 233 (5th Cir. 2014).* Plaintiff has made a prima facia case under the Carmack amendment that the load was damaged. The pictures before travel showing the packaged custom countertops in good shape and damaged in Dallas when the driver finally stopped are irrefutable. The emails between the dispatcher for DRT and HGM's employee Jerry Stafford made concurrently with the loss event make it clear that LMP first reported it a s a load shift. This is confirmed by the affidavit of DRT's dispatcher. Likewise, the affidavit of HGM's principal, John Sykoudis, make it clear that damages were sustained as a

result of the defendant's actions, or this case lack of action by failing to secure the load properly.

WHEREFORE PREMISES CONSIDERED Plaintiff Houston Granite and Marble prays that Defendant's Motion for Summary Judgment as to its claim under the Carmack Amendment be denied.

Respectfully submitted,

By: /s/ R. Scott Wolfrom
R. SCOTT WOLFROM (*Lead Counsel*)
Wolfrom Law Firm
State bar No. 21871040
Federal ID No. 320510
wolfromlaw@mycci.net
10200 Grogans Mill Road, Suite 235
The Woodlands, Texas 77380
(281) 731-2000 Telephone
(281) 292-6072 Facsimile

/s/ Matthew L. Pepper

Matthew L. Pepper
Pepper & Associates, PC
Texas Bar No. 24066817
Email: pepperlaw@msn.com
10200 Grogans Mill Rd.
Suite 235
The Woodlands, TX 77380
Tel. (281) 367-2266
Fax. (281) 292-6072

Attorneys for Plaintiff
Houston Granite and Marble Center, LLC

## CERTIFICATE OF SERVICE

I certify that on May 18, 2021 a true and correct copy of Plaintiff's Response to Defendant's Motion for Summary Judgment was served on Mark W. Schilling electronically through the electronic filing manager.

/s/ R. Scott Wolfrom
_____
R. Scott Wolfrom

Mark W. Schilling
J. Chad Gauntt
Gauntt, Koen , Binney & Kidd, LLP
25700 I45 North, Suite 150
Spring, Texas 77386
Telephone: 281-367-3705
Facsimile: 281-367-3705
Mark.Schilling@gkbklaw.com