United States District Court
Southern District of Texas

**ENTERED**
August 04, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON GRANITE AND MARBLE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| LMP TRUCKING, LLC, | § | |
| | § | CIVIL ACTION NO. 4:19-CV-04938 |
| *Defendant,* | § | |
| | § | |
| VS. | § | |
| | § | |
| F/B GRANITE & MARBLE, INC., and | § | |
| FRANCISCO PACAS, | § | |
| | § | |
| *Third-Party Defendants.* | § | |

## ORDER

Before the Court is Defendant LMP Trucking, LLC's ("Defendant" or "LMP") Amended

Motion to Dismiss Under Federal Rule of Civil Procedure 41(b). (Doc. No. 68); *see* FED. R. CIV.

P. 41(b) (providing for dismissal for want of prosecution). Plaintiff Houston Granite and Marble

("Plaintiff") did not file a response in opposition. Having considered the motion and applicable

law, the Court hereby **GRANTS** LMP's motion.

### I.    Background

Plaintiff contracted with DRT Transportation LLC ("DRT")[1] to transport a load of custom

pre-cut marble and granite slabs valued at over $250,000 from Plaintiff's Houston facility to its

customer in Stillwater, Oklahoma on September 19, 2017. (Doc. No. 1-5 at 3). DRT, acting as a

transportation broker, subcontracted the load to Defendant. The contract for carriage and rate

---

[1] DRT was originally a defendant to this suit but was later dismissed with prejudice by stipulation of the parties. (Doc. No. 28).

confirmation specified that the job was a "no-touch" load, which means Defendant's driver is not responsible for loading or unloading any cargo. (Doc. No. 33-3). Defendant hired Frederick Taylor ("Taylor") to drive the trailer truck. (Doc. No. 33-5 at 1).

At 12:00pm on September 19, 2017, Taylor dropped the trailer off at Plaintiff's facility so that Plaintiff could build wooden crates to secure the cargo and load it. (Doc. No. 33-5 at 1). Plaintiff hired Third-Party Defendant Francisco Pacas ("Fredy") to assist in fabricating, packaging, and loading the stone in the pallets to be transported by Defendant. According to Fredy, he inspected the pallets of stone once they were loaded onto the trailer and they were in good condition. (Doc. No. 39-2 at 1). At 7:00pm, Taylor returned and put straps across the cargo to secure the crates to his trailer. (*Id.* at 2). Due to his absence during the loading process, Taylor could see only the edges of granite when he inspected the cargo, because the wooden crates obscured the rest of the stone. (Doc. No. 33-5 at 2). Taylor signed and received the bill of lading, signed by Plaintiff as "the shipper," and started his trip. (*Id.*).

At some point along Taylor's trip to Oklahoma, he became aware that his cargo load shifted. According to Taylor, he first stopped in Huntsville, Texas to check on the security of the load and found it was secure. (*Id.*). Before he arrived in Dallas, Texas, however, he felt the load shift and pulled over. (*Id.* at 3). Upon inspection, he saw that two of the four crates had collapsed onto their side. (*Id.*). He contacted Plaintiff, who sent employees to repair the crates and re-load the cargo. (*Id.*) Since it was a no-touch load, Taylor did not assist in the re-loading, except to secure the cargo straps. (*Id.*). Fredy had been following Taylor from Houston and assisted in the re-loading process. According to Fredy, some of the pallets of stone were unsalvageable, but the rest were re-loaded. (Doc. No. 39-2). Taylor has stated that he secured the cargo in compliance with DTO regulations and industry customs and practices, and that he was not negligent in his driving

2

at any point in time. (Doc. No. 33-5 at 3–6). The cargo never fell off the trailer entirely. (*Id.* at 5; Doc. No. 33-6). When Taylor eventually arrived in Stillwater, Oklahoma, the consignee at the drop off location refused to sign the bill of lading. (*Id.* at 4).

Plaintiff filed an amended petition against Defendant and DRT in state court on December 19, 2019, alleging state law claims and Carmack claims for damage to cargo during interstate shipment. (Doc. No. 1-5). Defendant removed the case to this Court. (Doc. No. 1).

Post-removal, Plaintiff apparently failed to timely respond to Defendant's discovery requests. *See* (Doc. No. 53 at 3). Defendant filed a Motion to Compel (Doc. No. 21) which the Court granted. (Doc. No. 24). After Defendant filed a Motion to Dismiss for want of prosecution (Doc. No. 29), Plaintiff belatedly provided supplemental responses to discovery. *See* (Doc. No. 33 at 7). Defendant then filed a motion for summary judgment (Doc. No. 33), as well as a motion to strike Plaintiff's untimely response in opposition, which was filed nearly two months after the deadline imposed by local rules (Doc. No. 43).

The Court granted in part and denied in part Defendant's motion for summary judgment, ruling that Plaintiff's state law claims were preempted under the Carmack Amendment. (Doc. No. 53 at 10); *see* U.S.C. § 14706.[2] By the same order, the Court denied Defendant's motion to dismiss as moot and also denied Defendant's motion to strike. (*Id.* at 18). In so doing, however, the Court expressly admonished Plaintiff that "it needs to comply with the local rules" and further warned that "failure to respond to a motion will be taken as a representation of no opposition." (Doc. No. 53 at 1); *see* S.D. TEX. L.R. 7.3–7.4.

---

[2] The Court concluded that Plaintiff's summary judgment evidence was sufficient to raise the existence of an issue of material fact as to Plaintiff's Carmack claims, and so the Court denied in part the motion for summary judgment as to those claims. (Doc. No. 53 at 11–15). The Court also concluded that Defendant had "validly limited its liability" under the Carmack Amendment for damages to Plaintiff's cargo and therefore concluded that "Plaintiff is bound by" Defendant's $100,000 limitation of liability. (*Id.* at 15–17).

After this Court's summary judgment ruling, Defendant moved for leave to join as third-party defendants Fredy and Fredy's company, F/B Granite & Marble, Inc. (collectively, "Third-Party Defendants") under Rule 14(a)(1). (Doc. No. 54); *see* FED. R. CIV. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.").. Plaintiff failed to respond in opposition, and this Court granted the motion. (Doc. No. 56).

After Third-Party Defendants filed their answer to the third-party complaint (Doc. No. 63)—which was untimely—Defendant moved to disqualify their attorneys of record on the basis that they simultaneously represent Plaintiff in this case and therefore have a non-waivable conflict of interest (Doc. No. 64). Defendant also filed a motion to compel discovery responses from Fredy for his failure to respond to LMP's interrogatories and requests for production. (Doc. No. 65). No party responded in opposition to the motions, and both motions remain pending.

Defendant subsequently filed the motion under review, the Amended Motion to Dismiss under Federal Rule of Civil Procedure 41(b). (Doc. No. 68). Plaintiff did not file a response in opposition, and the deadline for doing so has long passed. The motion is therefore ripe for review.

## II.    Legal Standard

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399,

4

401 (5th Cir. 1985) (citing *Link v. Wabash Railraod Co.*, 370 U.S. 626 (1962)). "Such dismissal pursuant to Rule 41(b) may be with or without prejudice." *Bigbie v. EOG Resources, Inc.*, No. 7:19-cv-00077-M-BP, 2021 WL 1617817, at *2 (N.D. Tex. Mar. 24, 2021).

The Fifth Circuit has held that a dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim," and as a result, such decisions are affirmed under Rule 41(b) "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that provide to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotations and citations omitted).

## III.   Discussion

A.  Motion to Dismiss Main Action

In this case, Plaintiff has demonstrated a consistent history of failure to cooperate with counsel for Defendant as well as a continual pattern of failure to comply with the local rules, even after being admonished by the Court to do so. Defendant's motion describes a litany of failures by Plaintiff (or Plaintiff's counsel) to respond to discovery or to communicate with counsel for LMP. (Doc. No. 68 at 2–9). Moreover, Plaintiff has failed to respond to Defendant's motion to disqualify counsel (Doc. No. 64) or to the motion under review (Doc. No. 68).

Consistent with Plaintiff's inactivity, Third-Party Defendant Fredy, who is represented by the same attorneys of record as Plaintiff, failed to respond to Defendant's motion to compel discovery (Doc. No. 65), thereby suggesting that the blame for these numerous delays rests with counsel.

5

Due to Plaintiff's failure to participate in the case and failure to respond to the motion under review, dismissal under Rule 41(b) is appropriate. Since, however, Plaintiff's failure to prosecute apparently stems in whole or in part from the failures of its counsel, the Court finds that dismissal with prejudice would be unfair. Accordingly, the Court dismisses Plaintiff's remaining claims— the Carmack claims—without prejudice.

### B. Disposition of Third-Party Action

Given the Court's dismissal of Plaintiff's claims, the Court must now address the disposition of Defendant's claims against Third-Party Defendants. To make a proper claim under Rule 14, the defendant must show that the third-party is liable to the defendant and that the liability is "in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967). "When the [plaintiff's] claims against the defendant are dismissed, no party can be liable to that defendant so there is no ground for a third-party claim." *Procraft Cabinetry, Inc. v. Sweet Home Kitchen & Bath, Inc.*, 348 F. Supp. 3d 752, 764 (M.D. Tenn. 2018). "Accordingly, it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).

Since no live claims remain in the main action, the Court hereby dismisses without prejudice Defendant's claims against Third-Party Defendants.[3]

---

[3] The Court dismisses the third-party complaint without prejudice to avoid possible confusion concerning the *res judicata* effect of its ruling. *See Se. Mortg. Co. v. Mullins*, 514 F.2d 747, 750 (5th Cir. 1975).

6

## IV.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 68) is **GRANTED**.

Plaintiff's remaining claims are hereby dismissed without prejudice, as are Defendant's claims

against Third-Party Defendants.

All other pending motions are **DENIED** as moot.

Signed at Houston, Texas, this 4 day of August, 2022.

Andrew S. Hanen
United States District Judge

7